STEPHEN C. DARROW, Appellant, *v.* STEPHEN CORNELL and
SIMON L. BENSON, as Executors, etc., of JACOB N. DOTY,
Deceased, and Others, Respondents.

*Contract for the sale of real estate — notice to perform makes time of its essence —
tender of performance by a vendor whose title rests on unrecorded deeds — when a
vendee, who has not made tender, cannot recover damages.*

Where the time of performance of a contract for the purchase and sale of real
estate has been, by the consent of the parties, extended indefinitely, either
party, by notice to the other, may make time of the essence of the contract,
and require the other party to perform, or offer to perform, at or before the
time mentioned in the notice.

Where, at the time fixed for performance, the vendor's title depends upon certain
deeds, which are not of record, he must, in order to make an effectual tender
of performance, record them before the tender.

A vendee who has not tendered performance and demanded the deed of the
premises is not in a position to maintain an action for damages against the ven-
dor for a failure to perform the contract, unless it clearly appears that the ven-
dor could not give a good marketable title.

APPEAL by the plaintiff, Stephen C. Darrow, from a judgment of
the Supreme Court in favor of the defendants, entered in the office
of the clerk of the county of Washington on the 23d day of
September, 1897, upon the report of a referee.

The plaintiff, on the 6th day of March, 1889, entered into a con-
tract with Jacob N. Doty, deceased, by which the latter agreed to
sell and convey to him, by a good and sufficient warranty deed, a
farm of eighty-seven acres, situated in Easton, Washington county,
N. Y., for the sum of $3,000. By the terms of the contract the
plaintiff was to pay the interest annually on the said purchase price,
and the taxes until the 1st day of April, 1894, when the deed was
to be delivered to the plaintiff and a mortgage executed by him
securing the payment of the purchase price, as in the agreement
specified. The plaintiff entered into possession of the farm on the
1st day of April, 1889, and during his occupancy paid interest
reserved in the contract to the amount of $720, and $103 as taxes,
and put on said premises permanent repairs and improvements of
the value of $1,000. On June 17, 1891, the said Jacob N. Doty
died, leaving a last will and testament, which thereafter was duly

admitted to probate by the surrogate of Washington county, and letters testamentary issued to the executors therein named. The defendants in the action are said executors, the legatees or devisees named in said will, and Charles C. Van Kirk, to whom one of said devisees had conveyed his interest in said farm and contract.

On the 1st day of April, 1894, when, under the provisions of the contract, the deed was to be delivered to the plaintiff and the mortgage executed by him, the time for the performance of the contract was postponed by consent of the parties interested. Negotiations in reference to a performance of the contract continued between them until the twenty-second day of December following, when such negotiations ceased.

The plaintiff afterwards commenced this action to recover damages for an alleged breach of the contract in consequence of the failure of the defendants to execute and deliver a deed of the premises described therein pursuant to the terms and conditions thereof. The defendants denied such breach, and, alleging a performance of the contract on their part, claim, as affirmative relief, specific performance thereof.

The referee before whom the case was tried found that the defendants had duly performed the contract on their part, and directed a dismissal of the complaint and an entry of a judgment in favor of the defendants for a specific performance of the contract by the plaintiff.

Other facts are stated in the opinion.

*C. H. Sturges*, for the appellant.

*C. C. Van Kirk*, for the respondents.

PUTNAM, J.:

It is to be inferred from the record that both the plaintiff and the defendants endeavored, in good faith, to perform the contract. Negotiations to that end were continued from April 1 to December 22, 1894, and both parties were at much trouble and expense in the matter. It cannot be doubted that the plaintiff was desirous of obtaining a deed of the farm. He had contracted for it with a view of securing a home; he had expended over $1,000 in permanent improvements and repairs. During the negotiations he employed

a surveyor to plot the land, and an attorney to search the records, at a considerable expense, and he consented to an extension of the time for the delivery of the deed over eight months in order to allow the defendants to cure defects in their title to the said farm. He appeared to have been desirous of carrying out the provisions of the contract, and I see no reason to doubt that he acted in good faith in the transaction.

It is true, as claimed by the learned counsel for the respondents, that on and after April 1, 1894, the time for the performance of the contract having, by consent of the parties, been extended indefinitely, the plaintiff, before electing to rescind, was compelled to give the defendants notice and a reasonable time in which to perform. (*Darrow v. Cornell*, 12 App. Div. 604, 607.) But I am unable to agree with his view as to the effect of the notice of October 19, 1894, which the plaintiff served upon the defendants. No more force or effect should be given to this paper than its language warrants. In the notice the plaintiff did not rescind the contract or refuse to perform it. He charged the defendants with a failure to perform, and gave them notice that on account of such failure he should hold them responsible for the damages he had sustained. It is true that the plaintiff, at the time, proposed to abandon the possession of the premises; but by the communication of Mr. Van Kirk of October twenty-fourth, and the answer of the plaintiff of October twenty-sixth, the parties came to an agreement as to the terms on which the plaintiff should thereafter occupy the premises. By such agreement the contract was modified so that the plaintiff should continue such occupancy as a tenant instead of a vendee in possession under the contract, and the time for the performance of the agreement was extended to December twenty-second, at noon — the agreement that the plaintiff should thereafter occupy as tenant evidently being only intended to remain operative in case the defendants were unable, in the time to which the performance of the contract was extended, to tender a marketable title. The arrangement in fact made left the contract as thus modified in full force.

And afterwards the parties continued active negotiations, up to December twenty-second, with a view of a performance of the contract. They treated, and evidently regarded, the contract as in force, as it in fact was, with the modification above referred to.

I think, therefore, that the contract as thus modified remained in force, the time for its performance being, by the consent of both parties, extended to December 22, 1894. The letter of the plaintiff to Mr. Van Kirk of October 26, 1894, was in fact a consent to extend the time to perform the contract up to December twenty-second at noon. It is true that in the letter the plaintiff stated that if he (Mr. Van Kirk) desired " to settle " with him, it must be done on or before December twenty-second. But the differences between the parties, which were to be settled, related solely to the defendants' title to the farm in question.

It appearing, therefore, that each party had until the 22d day of December, 1894, at noon, to perform the contract, I will consider in the first instance whether, under the facts disclosed by the record, the defendants were entitled to the judgment awarded them for a specific performance of the contract.

To entitle them to that relief, it should appear from the testimony that on or before the twenty-second day of December the defendants had performed, or tendered performance of, the contract. (*Flynn* v. *McKeon,* 6 Duer, 203 ; *Hoag* v. *Parr,* 13 Hun, 95, 99 ; *Eddy* v. *Davis,* 116 N. Y. 247, 254 ; *Leaird* v. *Smith,* 44 id. 618, 623.)

Mr. Van Kirk, on Saturday, the twenty-second day of December, mailed deeds from the defendants to the plaintiff to Mr. Stiles, which were received by the latter on the following Monday and immediately returned. No other tender or performance was made. I think this tender was insufficient. It was made too late. In his letter of October twenty-sixth, above referred to, to Mr. Van Kirk, who acted for all the defendants, Mr. Darrow said : " As you know, I am a farmer, and I must make arrangements for the ensuing year for a farm at some place. This requires some time, so I may be able to move or prepare to put in crops for the ensuing year, and if it is desired to settle with me, it must be done on or before the 22nd day of December, 1894, at noon, or I shall make other arrangements absolutely and unqualifiedly ; this matter must be finally closed and papers signed to that effect if a compromise is made, otherwise, as a tenant, I shall leave the place on or before April 1st, 1895." It has been held that " The parties to a contract may, by its terms, make the time of performance essentially important and its observance in

that respect requisite to relief. (*Benedict* v. *Lynch*, 1 John. Ch. 370.) And when that is not so either of the parties to the contract may, by a reasonable notice to the other party for that purpose, render the time of performance as of the essence of the contract and avail himself of forfeiture on default." (*Schmidt* v. *Reed*, 132 N. Y. 108, 113 ; *Myers* v. *De Mier*, 52 id. 647.) In the letter of October twenty-sixth the plaintiff clearly and explicitly notified the defendants that he should require a performance of the contract on or before December 22, 1894, at noon. The effect of this communication was to make time as of the essence of the contract, and the defendants were bound to perform or offer to perform at or before the time mentioned.

A tender to Mr. Stiles was unauthorized. Clearly the offer to perform should have been made to the plaintiff personally at his residence, or at the place mentioned in the contract for its performance.

Again, the plaintiff was entitled to receive from the defendants not only a good, but a marketable title to the farm in question. (*Vought* v. *Williams*, 120 N. Y. 253 ; *Irving* v. *Campbell*, 121 id. 353 ; *Moore* v. *Williams*, 115 id. 586.) He was entitled to a good record title. (*McPherson* v. *Schade*, 149 N. Y. 16 ; *Moore* v. *Williams*, *supra*.) Had the tender or offer of performance made by Mr. Van Kirk to Mr. Stiles and received by the latter on December twenty-fourth been in time and been made to the proper person, it was insufficient, because it did not offer a marketable title. Mr. Van Kirk offered quitclaim deeds from himself and the executors of Jacob N. Doty, deceased, and a warranty deed from eight of the devisees or legatees, and a paper called a search, but not certified by the clerk of Washington county or signed by any person. It is not denied that two deeds necessary to perfect the title of the deceased to the premises in question were not then on record ; one from Angelia Doty to the deceased, and another from Theodore C. Richmond to John G. Edmundson. Neither of these deeds was recorded until after the commencement of the action. There was evidence that the plaintiff's attorney had seen one of the deeds in the possession of Mr. Van Kirk prior to December 22, 1894, but none that he had ever seen the other. Nor did it appear that such last-mentioned deed was mentioned in the paper called a search sent

by- Mr. Van Kirk to Mr. Stiles on December twenty-second and received by the latter on December twenty-fourth. It is evident that to make the alleged tender effectual, the defendants should have placed such deeds upon record prior to December twenty-second, or should have tendered such deeds to the plaintiff, together with those of Mr. Van Kirk and the devisees and executors of Jacob N. Doty, so that the plaintiff could have recorded them. Had the plaintiff accepted the title offered by the defendants, there would have been on the record a defect therein. Had he afterwards had occasion to defend his title in an action, he would have been compelled to obtain those deeds, or, if lost or destroyed, to have proved their execution, delivery and contents.

Without considering other alleged defects in the title offered at the time in question, we think the alleged tender was ineffectual, for the reason that the two deeds above mentioned were not then recorded, and were not offered to the plaintiff so that he could record them. A marketable title was not tendered.

The defendants, therefore, at the time to which the performance of the contract was extended by consent of the parties, did not perform or offer to perform the contract, and were not entitled to a judgment for a specific performance.

It does not result from the conclusion thus reached that the plaintiff was entitled to maintain his action for damages. The time for the fulfillment of the contract was extended from the 5th day of April to the 22d day of December, 1894. It does not appear that on that day, or at any time before the commencement of the action, the plaintiff offered or tendered performance of the covenants of the contract on his part to be performed, or demanded a deed from the defendants. The covenants of the defendants' testator to execute a deed, and of the plaintiff to give a purchase-money mortgage and pay the interest then due, were dependent, and either party, in order to recover of the other, must show performance, or an offer to perform. (*Carman* v. *Pultz,* 21 N. Y. 547, 549; *Leaird* v. *Smith,* 44 id. 618, 623; *Hoag* v. *Parr,* 13 Hun, 95, 99.) It is only where it is clearly shown that the vendor was unable to give a good marketable title, that an offer of performance by the vendee seeking to recover damages resulting from a breach of the contract will be excused. (*Higgins* v. *Eagleton,* 13 Misc. Rep. 223; *Glenn* v.

*Rossler*, 88 Hun, 74.) As we have seen, the defendants did not tender performance in time — time, by the notice contained in the plaintiff's letter of October twenty-sixth, having become as of the essence of the contract; and their attempted tender served on Mr. Stiles did not offer to the plaintiff a marketable title. But it cannot be said that it was shown that they could not have given one, had the plaintiff tendered performance and demanded a deed on the 22d day of December, 1894. Had he made such a tender and demand, and pointed out the objections to the title offered, the defendants might have been able to remedy such defects. The plaintiff having failed to perform or tender performance on the day to which the execution of the contract was, by consent, postponed, was not in a position to maintain an action for damages.

The judgment, as far as it awards a specific performance in favor of the defendants, should be reversed; otherwise, affirmed, without costs to either party on this appeal or in the court below.

All concurred.

Judgment, in so far as it awards a specific performance in favor of the defendants, reversed; otherwise, affirmed, without costs to either party of this appeal or in the court below.