JACOB RUESS, Appellant, *v.* ABBIE L. EWEN, Respondent.

*Vendor and purchaser — title originating in a tax lease, after the expiration of which the tenant has continued in possession — a title by adverse possession must rest on unassailable proof thereof.*

A title originating in a tax lease for a term of thirty-five years, expiring in 1857 (the tenant under which and his devisees and successors after the expiration of the term of the lease continue in possession of the premises), is not a marketable title which a purchaser, under a contract executed in 1894, will be required to accept, unless it is demonstrated to a reasonable degree of certainty that the parol evidence in support of a title by adverse possession cannot be contradicted.

APPEAL by the plaintiff, Jacob Ruess, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 29th day of March, 1898, upon the report of a referee directing the dismissal of his complaint.

*William H. Stockwell*, for the appellant.

*Tallmadge W. Foster*, for the respondent.

McLAUGHLIN, J.:

In 1894 the plaintiff and the defendant entered into a contract for the purchase and sale of certain real estate in the city of New York, and at the time of the execution of the contract the plaintiff paid to apply thereon the sum of $500, and he thereafter expended $300 in searching the title. At the time fixed for the final closing of the contract the plaintiff refused to accept a deed or pay the balance of the purchase money upon the ground that the defendant did not have a marketable title, and he then demanded a return of the money theretofore paid and the expenses incurred by him. The defendant refused to comply with such demand, and this action was brought to recover such sums. The issues involved were sent to a referee, who reported in favor of the defendant, and from the judgment entered upon his report the plaintiff has appealed.

Upon the trial it appeared that the defendant's title was derived through mesne conveyances from one Daniel Ewen, who entered into possession of the land in question in 1822 under a tax lease given by the city of New York for the non-payment of taxes; that this lease ran for thirty-five years from the time it was given, and expired on the 18th of April, 1857. It also appeared that after the expiration of the lease Daniel remained in possession and collected the rents until he died in January, 1865; that he left a will in and by which, after making certain specific bequests, he gave the rest, residue and remainder of his property to his four sons, William, Norman, Edward and Austin; that shortly after his death William and Norman conveyed all their right, title and interest to this land to their brothers Edward and Austin; that Edward died in 1876, also leaving a will in and by which he devised all his right, title and interest to Austin; and that in December, 1877, Austin conveyed his interest to one Rickart, and Rickart, on the same day, conveyed the same to the defendant, the wife of Austin, and that this constituted the only record title defendant had.

An effort was made by the plaintiff upon the trial to establish that the actual title to the land at the time the lease was given to Daniel Ewen was in one Adam Brown, and considerable evidence was given

to establish that fact. But the conclusion we have reached rendered it unnecessary to determine whether the plaintiff's effort was successful or not. If the defendant did not have a marketable title then it was immaterial to the plaintiff in whom the title was.

The defendant's claim is, and that was the conclusion which the referee reached, that her title is a marketable one, it having become so by adverse possession. But we are unable to reach that conclusion. We do not think it can be said on the facts here presented, that a man of reasonable care and prudence would be willing to accept the title, the validity and maintenance of which must of necessity depend in no small degree upon the establishment of facts showing a possession hostile to the true owners long enough to become in law a good title. Title by adverse possession, of course, was not obtained while Daniel Ewen was in possession under the lease from the city. It must, therefore, have been obtained, if at all, after the expiration of the right to occupy under that lease, and whether the occupancy from that time to the time the contract with plaintiff was executed was such as the law requires to make a good title, depends upon several facts concerning which the defendant offered no evidence. It has been held that possession under such a lease, however long it has continued, of itself forms no defense to an action by the real owner. (*Bedell* v. *Shaw*, 59 N. Y. 46; *Hubbell* v. *Weldon*, Lalor's Sup. 142.) Who the true owners were during this time, or whether they were under a disability so that the statute would not run against them, did not appear. If the true owners were so situated or under such a disability that they could not assert their rights then the occupancy was not adverse to and the Statute of Limitation did not run against them. (*Fleming* v. *Burnham*, 100 N. Y. 1.) The most that can be said of this title is that its validity depends upon facts to be determined by parol evidence, and courts of equity will not force such a title upon a purchaser against his will unless it has been demonstrated to a reasonable degree of certainty that the parol evidence cannot be contradicted.

The conclusion thus reached is sanctioned by an unbroken line of authorities in this State. Thus, in *Moore* v. *Williams* (115 N. Y. 586) the court said, "A purchaser will not generally be compelled to take a title when there is a defect in the record title which can be cured only by a resort to parol evidence," and in *Irving* v. *Campbell*

(121 N. Y. 353), "It would especially be unjust to compel a purchaser to take a title, the validity of which depended upon a question of fact, where the facts presented upon the application might be changed on a new inquiry or are open to opposing influences." *McPherson* v. *Schade* (149 N. Y. 16) is to the same effect, the court there saying, "Where there is a defect in the record title which can be supplied only by resort to parol evidence and the title may depend upon questions of fact, the general rule is that the purchaser will not be required to perform his contract;" and in the recent case of *Blanck* v. *Sadlier* (153 N. Y. 556) the court further emphasizes the rule previously announced by saying, "And although the title tendered may in fact be good, yet if it is subject to reasonable doubt, depending upon the ascertainment of some material fact extrinsic to the record title, to be found by a jury when the question arises, the purchaser in general will not be required to complete the purchase."

The legal presumption is that the possession of land is in subordination to the rights of the one having the actual title, and for that reason it has frequently been held that it is not sufficient to establish title by adverse possession to show that the possession has been undisturbed for more than twenty years. The proof must go beyond that and show that the possession has been in hostility to the true owner. The acquiescence of the true owner in the hostile claim of title for the requisite time must appear, or facts from which such acquiescence can be inferred. (*Heller* v. *Cohen*, 154 N. Y. 299.) Such acquiescence does not appear, and no such inference can be drawn from the record in this case.

The judgment should be reversed and a new trial granted before another referee, with costs to the appellant to abide the event·

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment reversed, new trial ordered before another referee, with costs to appellant to abide event.