### GORMAN v. GORMAN et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1899.)

JUDICIAL SALES—COMPLETION OF PURCHASE—SUFFICIENCY OF TITLE—ADVERSE POSSESSION.

A purchaser at a judicial sale should not be compelled to accept a title based solely on a claim of adverse possession for the requisite length of time, where the mere fact of possession without color of title is all that exists to show that the possession was hostile, and it will be necessary to resort to parol evidence to establish the title.

Appeal from Kings county court.

Action for partition by James Gorman, Jr., an infant, by Henry B. Woods, his guardian ad litem, against Margaret Gorman and others. From an order requiring Bernard Woods and another, purchasers at the sale, to complete their purchase, they appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

E. C. Pearson, for appellants.

Robert H. Wilson, for respondent James Gorman.

WILLARD BARTLETT, J. The circumstances under which the court will compel a purchaser of land to take a title based solely on a claim of adverse possession on the part of the vendor and his grantor have been clearly set forth in a number of recent decisions by the court of appeals and the appellate division. Heller v. Cohen, 154 N. Y. 299, 48 N. E. 527; Moot v. Association, 157 N. Y. 201, 52 N. E. 1; Wilhelm v. Federgreen, 2 App. Div. 483, 38 N. Y. Supp. 8, affirmed on opinion below in 157 N. Y. 713, 53 N. E. ——; Ruess v. Ewen, 34 App. Div. 484, 54 N. Y. Supp. 357. These cases disapprove the exercise of the power in reference to a judicial sale when there is nothing more than the mere fact of possession for over 20 years to show that such possession has been in hostility to the person holding the record title, and when parol evidence to be furnished in the future may be essential to establish the fact upon which the validity of the title depends. In the present case the title in question is not based upon the occupation of the premises under any written instrument. If the deed to the plaintiff's ancestor in 1851 had assumed to convey the whole of the lots, although the grantor had title to only a portion thereof, and if the grantee and his successors had remained in possession thereunder ever since, the court below might have found that the entry

upon the part in question here was exclusive of any other right than that obtained under such deed, and hence that it was hostile to every other claimant. But the conveyance plainly excluded that portion of the lots to which this controversy relates. The title thereto which is proffered to the purchasers rests upon the bare fact of possession for a period in excess of 20 years, and from this alone the acquiescence of the last record owner or his successors in interest can hardly be inferred. Perhaps a case might arise in which the possession had lasted so very long that a presumption of its hostility to all other claimants, and of their acquiescence, might arise from that fact of itself, without any additional proof; but we have found no instance in which a purchaser at a judicial sale has been forced to take a title on this ground. In the case at bar the possession has not lasted long enough to give rise to such a presumption, assuming that it can ever be indulged in by reason of the mere lapse of time. But it is also plain that the respondent's title by adverse possession, if questioned hereafter, could be established only by resort to parol evidence, and parol evidence which it might be exceedingly difficult for the appellants to procure. In the case of a judicial sale, where questions may reasonably be raised affecting the title, the courts are more ready to relieve a purchaser than where the contract arises out of a private transaction between the parties; but even in the latter case, "if resort must be had to parol evidence, if it depends upon questions of fact, then a purchaser should and will not be compelled to perform his contract." Holly v. Hirsch, 135 N. Y. 590, 32 N. E. 709. This doctrine was applied by the court of appeals to a title based on a claim of adverse possession, in Heller v. Cohen, supra, where Martin, J., said:

"Under such circumstances, the purchaser ought not to be compelled to take property, the possession of which he may be obliged to defend by litigation, where the title may depend upon a question of fact."

While we are by no means convinced that the title which is questioned here is not good, we are not satisfied that it is so free from reasonable doubt as to warrant us in compelling its acceptance by an objecting purchaser at a judicial sale. The order of the county court must therefore be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.