amount to unlawful coercion, under the authorities.  The plaintiff points to the clause in the injunction order, sought to be continued, permitting the defendant's members to refuse to work with members of the plaintiff association, and it is claimed that this permission protects the defendants.  The exemption, however, does not go to the right of the defendants to express that refusal under the circumstances detailed, and to grant the injunction upon the facts presented would be to deny the right to that expression if the result could be to cause the dismissal of the plaintiff's members.

The motion is therefore denied, with $10 costs, and the preliminary injunction vacated.

COLLEGE POINT SAV. BANK v. VOLLMER et al.

(Supreme Court, Appellate Division, Second Department.  October 20, 1899.)

1. MORTGAGES—FORECLOSURE SALE—DOUBTFUL TITLE.
    One having bid off land at a foreclosure sale will not be compelled to complete the sale, and take a doubtful title, though it is probable that it will never be assailed.

2. SAME—ADVERSE POSSESSION—EVIDENCE.
    On a motion to compel a purchaser at a foreclosure sale to take title, the fact that the execution debtor's grantor had permitted a turnpike company to dig gravel on the land, and a certain person to dig a spring, is insufficient to show adverse possession on an issue as to whether title had been acquired by adverse possession.

3. SAME—GRANTEE IN TAX DEED.
    A purchaser at a partition sale, in a suit wherein the title of a grantee of a tax deed is declared void, cannot avail himself of the adverse possession of such grantee in asserting title against one who is not a party to the suit.

4. DEEDS—SUBSCRIBING WITNESSES—ESTOPPEL.
    One executing a deed as a witness, conveying a· part of a tract of land that he himself owned, is not estopped from asserting title to the other part, though the deed recites that the land adjacent to that conveyed belongs to the grantor.

5. MORTGAGES—FORECLOSURE SALE—DOUBTFUL TITLE—EVIDENCE.
    In 1821 certain uncultivated woodland was conveyed to T.  In 1884 L. maintained a partition suit, in which a sale of the land for taxes in 1845 was declared void, but the heirs of T. were not made parties, though there was no record conveyance by him or his heirs.  In 1899 the land was bid off under a foreclosure sale under a mortgage in a suit against the mortgagor, who had acquired title under decree in the partition suit.  The mortgagor had been in adverse possession of the land since 1884, but there was no evidence as to an adverse possession of any one prior thereto. *Held*, that the title was not marketable, and that the bidder could not be compelled to complete the purchase.

Appeal from special term, Kings county.

Action by the College Point Savings Bank against Catharine Vollmer and others to foreclose a mortgage.  From an order denying a motion to compel Jennie M. Thompkins to complete a purchase at foreclosure sale, plaintiff appeals.  Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edward E. Sprague, for appellant.
Francis W. Pollock, for respondents.

PER CURIAM. While it is probable that the title of the purchaser under the decree in this foreclosure suit may never be assailed, we cannot say that this is so certain or that the title offered to him is so free from doubt as to justify a court in compelling him to carry out his purchase. This case is very similar to that of Gorman v. Gorman, decided by this court (40 App. Div. 225, 57 N. Y. Supp. 1069), and affirmed by the court of appeals on opinion below (159 N. Y. 571, 54 N. E. 1092), in which we declined to compel a purchaser to take title where that title, "if questioned hereafter, could be established only by resort to parol evidence, and parol evidence which it might be exceedingly difficult for the appellants to procure." The premises sold under the decree were part of a tract of woodland or uncultivated land owned by John Ryerson, who, in August, 1821, conveyed the same to Gideon Tooker. This deed is on record, and no conveyance of the premises by Tooker can be found. Tooker died in 1852. In October, 1822, one Theodorus Kolyer assumed to convey a part of the tract, which did not include the lot sold in this action, to the Brooklyn, etc., Turnpike Company, the description in the conveyance giving one of the boundaries as other lands of Kolyer. To this conveyance Tooker was a subscribing witness. Kolyer died in 1827, without having made other conveyances than that recited. In 1845 the premises were sold for taxes for a term of 9,000 years. In the years 1852 and 1853 the title of the tax purchaser was acquired by William Radde, Jacob H. Sackman, and James L. Williams, who subsequently made partition of the property between themselves. In 1884 one Larder, being in the occupation of the premises, acquired the title of some of the heirs of Kolyer, and instituted a partition suit, to which the heirs or devisees of Tooker were not parties. In that partition suit the tax sale above referred to was held void. The title of the mortgagor in this foreclosure suit and that offered to the purchaser is founded upon a sale under the decree in the partition action. There was no proof of any actual occupation, such as is requisite to found an adverse possession, until the year 1882. It is said that Kolyer, in his lifetime, permitted on one occasion the turnpike company to dig gravel on the land, and another party to dig a spring; but these casual acts, even if done by Kolyer himself, would, under the decision in Miller v. Railroad Co., 71 N. Y. 380, be insufficient evidence of possession even to maintain a trespass suit against a stranger. Assuming that Sackman and his associates, under the deeds to them, could assert an adverse claim of title, though these deeds were mere quitclaims, and the grantors possessed only of a term of years, still the proof fails to show actual occupation by those persons; and, the decree in partition suit having adjudged the title acquired by Sackman to be void, it is difficult to see how a purchaser under that decree can avail himself of the possession by Sackman, if there had been any such. It may be that Tooker, by becoming a subscribing witness to the deed from Kolyer to the turnpike company, estopped himself from asserting title to the premises so conveyed, but the estoppel could not extend to the remaining lands. The difficulty here is that the first conveyance on which the title offered in this case can

be rested is the sale in the partition suit in 1884,—only 15 years ago,—and possession or occupation prior to that time is, to say the least, of too uncertain a character to enable us to assert that the title offered the purchaser is free from any reasonable chance of successful attack.

The order appealed from should be affirmed, with $10 costs and disbursements.