· DANA v. JONES et al. ·

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. MORTGAGES—FORECLOSURE—SALE—RIGHTS OF PURCHASER.

   A purchaser of real estate at a foreclosure sale has a right to a good, merchantable title.

2. WILL—CONSTRUCTION—POWER OF SALE.

   A testator devised all of his real estate to his wife, to be for her own use and the use of their children as long as she remained his widow and unmarried after his death, "giving and granting unto her full power to mortgage, lease or sell any or all of my real estate in the same manner as I could do if living." The will further provided: "It is my desire, and I hereby direct, * * * that my said wife have the right to bequeath and devise my said estate to my children, and to them only, as she in her sound discretion may see fit, and as the said children may seem deserving." *Held*, that a deed executed by the widow, personally and as executrix of the will, on sale of the property, conveyed a good, legal title.

3. JUDICIAL SALE—TITLE—DEFECT—BURDEN OF PROOF.

   In an application by the purchaser of real estate at sale on foreclosure of mortgage to be relieved from the purchase on the ground that the title offered is not a good, merchantable one, the burden of proof is on the applicant to show a defect in the title offered.

4. SAME—RECORD OF DEED—ABSENCE OF SEAL.

   The failure of the record of a deed to show the presence of a seal is not affirmative evidence of the absence of the seal from the deed.

Appeal from Special Term, Kings County.

Action by Emilie W. Dana against John Jones and others to foreclose a mortgage. From an order denying a motion of James Costello, assignee of the purchaser of the mortgaged property at the sale, to be relieved from the purchase, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

James P. Judge, for appellant.

Tompkins McIlvaine (Herbert Frazier, on the brief), for respondent.

WOODWARD, J. James Costello, as the assignee of the purchaser of the premises described in the complaint in this action, makes application to the court to be relieved from the purchase,

and to be reimbursed for his deposit and expenses. His motion has been denied, and appeal comes to this court from the order entered.

It is urged on this appeal that the purchaser has a right to a good, merchantable title—a proposition too obvious to require citation of authorities—and two objections are raised to the title offered. One of these is that a certain power of sale contained in the will of one Hugh Ward is invalid, and the other that certain deeds, asserted to be without seals, "did not convey a marketable title, and are not notice, under the recording acts."

The mortgage to foreclose which this action was brought was made by one Marsland to the plaintiff in 1880, and it is admitted that the mortgagor had at that time a good, legal, record title to the premises in question. Subsequent to the execution of the mortgage the grantor had, by mesne conveyances, conveyed said premises to one Hugh Ward, who died, leaving a will, which was admitted to probate November 5, 1885, and it is with reference to this will that the first objection arises. This will provided in its first paragraph for the payment of the lawful debts, and then the testator adds:

"I give and bequeath and devise unto my beloved wife, Ellen Ward, all my estate, both real and personal, to be for her own use and the use of our children, as long as she remains my widow and unmarried after my death, giving and granting unto her full power to mortgage, lease, or sell any or all of my real estate in the same manner as I could do if living."

In the second paragraph he declares that:

"It is my desire, and I hereby direct, and it is my will, that my said wife have the right to bequeath and devise my said estate to my children, and to them only, as she in her sound discretion may see fit and as the said children may seem deserving."

The evident purpose of the testator was to vest the estate, as a whole, in his family, subject to such distribution as his wife should determine to be proper, and to this end the widow was invested with the power to sell the real estate, not for her own benefit, but for the benefit of the estate. She was given a power to convert the real estate into personal property, and she was to "have the right to bequeath and devise my said estate to my children," etc. She was not called upon to devise his real estate to his children, but "my said estate," in whatever form it should happen to be, after the widow had exercised the power of sale which had been given her. In selling the real estate, she did not diminish the estate; she simply changed its form, in accord with the letter and spirit of the will; and we discover no reason why she could not entirely divest her children and herself of any interest whatever in the real estate. Assuming that the title vested in the children, it was subject to the power of sale, as to the real estate, and this power is not inconsistent with the devise of a vested estate in the same property. Cussack v. Tweedy, 126 N. Y. 81, 87, 26 N. E. 1033, and authorities there cited; Rose v. Hatch, 125 N. Y. 427, 26 N. E. 467. It is clear, therefore, that, in so far as the objections relate to the transfer by Ellen Ward personally and as executrix and trustee, she having been named as executrix in the will, it is without merit. She had a perfect legal right to act, and the sale conveyed a good, legal title.

Ellen Ward, as we have seen, had the power to sell the real estate, and she exercised this power, conveying the premises, subject to the mortgage, to one Drake; the deeds being duly recorded. Drake subsequently conveyed to one Duane, who in 1890 conveyed to one Jones. Jones conveyed to one Witt, and Witt in 1903 conveyed to one Schultz, who conveyed to the defendant Raymond D. Fuller. All of these deeds are duly recorded, all of them refer to the mortgage involved in this controversy, and all of the deeds recite that they are given under the hand and seal of the grantor. The defect relied on by the appellant is that the deeds of Duane to Jones and Witt to Schultz were not under seal, and the only evidence of this defect is that the records of the deeds do not disclose the fact of their being sealed, it not being contended that any one making affidavits on this motion has seen the deeds; and a diligent search on the part of the plaintiff has failed to discover the whereabouts of the original documents. The deeds themselves not being found, and the official records not showing that they were not sealed, and the recitals declaring that they were, and the deeds complying with all of the other requirements of the law, the appellant has not made a strong case in favor of his contention; the burden being upon him to furnish the evidence of a defect in the title offered. Todd v. U. D. S. Institution, 118 N. Y. 337, 343, 23 N. E. 299. It was held in this same case (page 347, 118 N. Y., 23 N. E. 299) that a failure of the record to show the presence of a seal was no affirmative evidence of the absence of a seal at the time it was made; and, in the absence of some evidence to the contrary, we are clearly of opinion that the appellant has failed to show any defect in the title offered to him, particularly as the deeds in question do not form a link in the title. The recording of these deeds, assuming a seal to be necessary in both cases, operated as a notice of the conveyance of the equitable title for a consideration paid to a subsequent purchaser of the same interest or title from the same grantor (Tarbell v. West, 86 N. Y. 280); and, as Witt took title from Jones, the record showing only the equitable title in him, it may be assumed that Witt satisfied himself of the legal right of Jones to make the conveyance, which would involve the presence of the seal upon the original deed from Duane to Jones. This is not, of course, conclusive on the question of the presence of the seal upon the original deed; but it affords as much evidence of the fact, perhaps, as the absence of the seal in the record, and justified the court at Special Term in refusing to grant the relief demanded.

Several other interesting questions are suggested, but the appellant having failed to show that the plaintiff is not in a position to convey a merchantable title, there seems to be no need of determining more. The mortgage in suit has been duly foreclosed, and a sale of the property has been made; the appellant fails to show that the title is not good and merchantable; and the orderly course is to affirm the order appealed from.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.