CROCKER POINT ASSOCIATION, INCORPORATED, Appellant, *v.* AMY C. GOURAUD, Respondent.

Real property — title by adverse possession — contract of sale — action to recover a payment on contract for sale of real estate on ground that title tendered was not marketable — purchaser justified in asking for adjournment of day of delivering deed in order to investigate title, and when refused in treating the contract as at an end.

1. Titles by adverse possession are in disfavor with persons contemplating the purchase of property and with the courts. Such titles must command unqualified respect, and a mere claim, unfortified by proofs establishing without dispute that possession has been clearly adverse for the required period, is not enough to move the courts in hostility to an unwilling vendee.

2. This is an action brought to recover a payment made on a contract for the sale of real estate on the ground that the title tendered by defendant was not marketable. At the meeting of the parties for the delivery of the deed, plaintiff raised objections to the title and defendant's attorney stated that in view of the plaintiff's failure to take the property he considered the contract at an end and felt free to sell the property, and at a later meeting again stated that the contract was at an end. Plaintiff requested extensions for the purpose of investi-

gating the title, which were refused. On the trial, defendant was permitted to produce evidence of her title by adverse possession, which she did not have on the closing day, and plaintiff was given the option then to take such title according to the terms of the contract or have its complaint dismissed. This was too liberal a view to take of the rights of the vendor on the facts disclosed. The title tendered was, when tendered, for the purposes of marketability, a doubtful title and plaintiff was justified in asking for an adjournment and, when refused, in treating the contract as at an end. ·

*Crocker Point Assn.* v. *Gouraud,* 172 App. Div. 887, reversed.

(Argued October 17, 1918; decided October 29, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 8, 1915, *unanimously* affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*R. Floyd Clarke* and *Henry B. Pogson* for appellant. It is the duty of the vendor on the closing day claiming under a record title, or a title by adverse possession, to make title on that day by presenting some evidence. (*Darrow* v. *Cornell,* 30 App. Div. 115; *Stevens* v. *Van Ness,* 47 N. Y. S. R. 385; *Zorn* v. *McPartland,* 8 Misc. Rep. 126; 11 Misc. Rep. 555; 155 N. Y. 684; *Weil* v. *Radley,* 31 App. Div. 29; 163 N. Y. 582; *Hartley* v. *James,* 50 N. Y. 38; *Mott* v. *Mott,* 68 N. Y. 247; *Shriver* v. *Shriver,* 86 N. Y. 575; *Belmont* v. *O'Brien,* 12 N. Y. 394; *Fleming* v. *Burnham,* 100 N. Y. 1; *Shire* v. *Plimpton,* 50 App. Div. 117; *Heller* v. *Cohen,* 154 N. Y. 299.) If it be true that a written title, unrecorded in the records, must be either recorded or exhibited and delivered to be recorded on the return day, in order that the vendor shall present a good title which will put the purchaser in default, then it is true that where title by adverse possession is relied on, some evidence of adverse possession

must be exhibited, statements and names of witnesses, addresses, affidavits, etc. (*Clarke* v. *Wollpert*, 128 App. Div. 203; *Metzger* v. *Martin*, 87 App. Div. 572; *Brody* v. *Hachstadter*, 143 N. Y. Supp. 72.) Specific performance is in the discretion of the court, and should only be granted under conditions where it is plain that no injustice would result. (*Brody* v. *Hochstadter*, 143 N. Y. Supp. 72.) The vendor having declared a forfeiture when there was none, cannot object if she be taken at her word. (*Cowenhoven* v. *City of Brooklyn*, 38 Barb. 9; *Towle* v. *Jones*, 1 Robt. 87; 19 Abb. Pr. 449; *Steinhardt* v. *Baker*, 163 N. Y. 410; 20 Misc. Rep. 470; 25 App. Div. 197.) As the defendant never tendered plaintiff a good title while the contract was in force, the plaintiff had a right to reject the title tendered and to recover back the money paid on the contract and his expenses in examining the title. (*Vought* v. *Williams*, 120 N. Y. 253; *Moore* v. *Williams*, 115 N. Y. 586; *Irving* v. *Campbell*, 121 N. Y. 358; *Cambrelleng* v. *Purton*, 125 N. Y. 610; *Holly* v. *Hirsch*, 135 N. Y. 598; *McPherson* v. *Schade*, 149 N. Y. 16; *Heller* v. *Cohen*, 154 N. Y. 299.)

*Malcolm R. Lawrence* and *Parker V. Lawrence* for respondent. The general rule of law applicable to contracts for the sale of real property, as well as to other contracts, is that where the contract contains a specific provision fixing a stipulated time for the performance thereof, time is of the essence of the contract. (*Hubbell* v. *Von Schoening*, 59 N. Y. 326; *Schmidt* v. *Reed*, 132 N. Y. 108; *Groden* v. *Jacobson*, 129 App. Div. 508; *Baumeister* v. *De Muth*, 84 App. Div. 394; *Oppenheimer* v. *Humphreys*, 9 N. Y. Supp. 840; 125 N. Y. 733; *Weil* v. *Radley*, 31 App. Div. 25; 163 N. Y. 582.) The purchaser is bound to make up his mind for himself. The vendor is not obliged to furnish affidavits or other proof of the validity of his title at the closing of the contract

or at any time before the trial in court of an action brought to settle the question as to the marketability of the title. If the purchaser refuses to accept a deed which the court finds would have conveyed to him a marketable title — unless the vendor also furnish him with affidavits supporting the title — the purchaser is in default for insisting upon something to which he is not entitled and himself breaches the contract. (*Kahn* v. *Mount,* 46 App. Div. 84; *Wormser* v. *Garvey,* 4 Hun, 476; *Palmer* v. *Hudson Valley R. Co.,* 134 App. Div. 42; Maupin on Marketable Title [2d ed.], 774; *Zorn* v. *McPartland,* 8 Misc. Rep. 126; 11 Misc. Rep. 555; *Berger* v. *Crist,* 121 App. Div. 483; *Simis* v. *McElroy,* 12 App. Div. 434; *Arnow* v. *Carmel Realty Co.,* 141 App. Div. 913.) There was no more forfeiture worked by the vendor upon the closing of this contract than there always is and must necessarily be upon the closing of any contract for the sale of land when the purchaser rejects the title as unmarketable and demands the return of its money and when the vendor claims that his title is marketable and that his tender of a conveyance is a good and valid tender and he is not willing to call the whole contract off and gratuitously return the purchase money. (*Steinhardt* v. *Baker,* 163 N. Y. 410; *Lawrence* v. *Miller,* 86 N. Y. 131; *Havens* v. *Patterson,* 43 N. Y. 218; *Beveridge* v. *Construction Co.,* 130 App. Div. 139.) When the vendor tenders a marketable title in compliance with its terms and the purchaser rejects the same and refuses to carry out the contract, if the vendor thereupon terminates the contract as to performance in the future, he neither rescinds nor breaches the contract, and the purchaser because he himself is in default is not entitled to have his money back. (*Havens* v. *Patterson,* 43 N. Y. 218; *Lawrence* v. *Miller,* 86 N. Y. 131; *Steinhardt* v. *Baker,* 163 N. Y. 410; *Beveridge* v. *Construction Co.,* 130 App. Div. 139.)

POUND, J. This is an action brought to recover a payment made on a contract for the sale of real estate on the ground that the title tendered by defendant was not marketable. On the trial, defendant was permitted to perfect the evidence of her title and plaintiff was given the option then to take such title according to the terms of the contract or have its complaint dismissed. From final judgment dismissing the complaint this appeal is taken.

The findings of fact, unanimously affirmed, present the question of sufficient tender of performance of a contract to sell real estate when the vendor relies upon title .by adverse possession. Defendant agreed to sell and plaintiff to purchase the Gouraud Mansion property in the town of Mamaroneck, Westchester county. The agreed consideration was $250,000, of which amount $25,000 was paid before and upon the execution of the contract. By the terms of the contract the deed was to be delivered on June 11, 1912. The parties then attended at the place appointed; plaintiff raised objections to the title and asked for an adjournment in order that it might investigate them. Defendant declined to grant an adjournment on the ground that "defendant's title was good and that in any event defendant's title was good by adverse possession and that defendant was prepared to prove title by adverse possession by reason of more than twenty years' possession by the Flints, Woodruffs, Montgomerys, Buchanans and defendant; that plaintiff was amply protected by reason of the fact that it was to give back a purchase money bond and mortagage for $150,000 and was to receive a warranty deed from defendant and that defendant was a woman of means; defendant insisted that the purchaser elect to take or reject the title; tendered a deed duly executed by the defendant, theretofore approved by the purchaser's attorney and a bill of sale of personal property called

for by the contract duly executed by the defendant in the form theretofore approved by the purchaser's attorney and demanded the delivery of the bond and mortgage and the payment of the balance of the purchase price as provided for in said contract; that the balance of the purchase price due defendant on June 11, 1912, was ascertained and agreed upon between the purchaser and seller as being the sum of $81,082.02. As part of the conversation on June 11th, defendant's attorney *stated that in view of the plaintiff's failure to take the property he considered the contract at an end and felt free to sell the property.* The representative of the plaintiff again requested an adjournment for the purpose of investigating the question of title. At the meeting between plaintiff and defendant on June 11, 1912, plaintiff did not request defendant or her representatives to furnish any affidavit or other evidence or proof of her title to the premises by adverse possession or otherwise, and plaintiff has never requested defendant or her attorneys to furnish such affidavits or proof at any time. Defendant at the request of plaintiff's attorney granted by letter a further meeting to be held on the 28th of June, 1912, but stated in said letter that said meeting should be on the understanding that the rights of their respective clients remain unchanged."

On June 28th, the parties again attended and plaintiff made formal objections to the record title to portions of the premises which were in the main based on the failure of the record to show title in defendant, the title to an undivided one-tenth of two parcels thereof appearing to be in the successors in interest of one Charles H. Murray, deceased. " Plaintiff requested a further extension. Thereupon defendant's attorney stated that he would not grant such extension. Plaintiff produced a certified check to defendant's order drawn on Mechanics and Metals Bank for $81,000.

Defendant's attorney stated that it was unnecessary to make a tender if plaintiff was not going to take title; that defendant had met plaintiff on the closing day and tendered and was ready with her title and plaintiff refused to take it; that defendant has now again met plaintiff in the same way and was again ready with her title and plaintiff was not ready to take title; that there has been no adjournment; *that the contract was at an end.* That thereupon the attorneys for plaintiff demanded that the defendant repay to plaintiff the $25,000 theretofore paid on account of said contract and also to pay to the plaintiff an additional $5,000 for interest and expenses, which payments defendant's attorney then and there refused to make. At the meeting between plaintiff and defendant on June 28, 1912, plaintiff did not request defendant or her representatives to furnish any affidavit or other evidence or proof of her title to the premises by adverse possession."

The decision, read in the light of the opinion of the trial justice, indicates clearly that, although defendant's title was marketable on June 11th and 28th, its validity " was then and still is dependent, in a substantial part, upon certain proofs, documentary and oral, outside of the instruments of record in her chain of title, and of the mere fact of actual possession of the premises." On equitable grounds defendant was allowed to procure on the trial evidence of title by adverse possession which she did not have and could not produce on the closing day. The purchaser was entitled to a marketable title, free from reasonable doubt and he was in nowise bound to remedy its defects. (*Toole* v. *Toole*, 112 N. Y. 333; *Darrow* v. *Cornell*, 30 App. Div. 115; *Post* v. *Weil*, 115 N. Y. 361, 368.) The judgment, therefore, stands or falls on the conclusion that a sufficient tender of title was made on the closing day, when parol evidence, to be furnished in the future, difficult to obtain

and not then available, was essential to establish the facts upon which the validity of the title depended.

Titles by adverse possession are in disfavor with persons contemplating the purchase of property and with the courts. (*Heller* v. *Cohen*, 154 N. Y. 299, 311; *Gorman* v. *Gorman*, 40 App. Div. 225; affd., 159 N. Y. 571.) It was said in *Simis* v. *McElroy* (160 N. Y. 156, 161, 162) that a party ought not to be compelled to take title to premises where he. must defend his title by parol evidence. There are, however, cases where title by adverse possession has been upheld on satisfactory undisputed parol evidence. .(*Freedman* v. *Oppenheim*, 187 N. Y. 101.) Such titles must command unqualified respect and a mere claim, unfortified by proofs establishing without dispute that possession has been clearly adverse for the required period, is not enough to move the courts in hostility to an unwilling vendee. (*Shriver* v. *Shriver*, 86 N. Y. 575, 585.)

The trial justice considered that the equities of the parties would be fully protected by allowing defendant to show on the trial that her title on the closing day was good and marketable and that she had a perfect defense against any claim which might be made by the holders of outstanding record title. (*Kahn* v. *Mount*, 46 App. Div. 84.)

This was too liberal a view to take of the rights of the vendor. Her attitude of "take it or leave it" was wholly unwarranted. The necessary proofs, outside of public records, should have been made available to plaintiff and it should have had a reasonable time to investigate them. It should not have been put in default until it could be said that it should be reasonably satisfied of the existence of the facts upon which adverse possession depended. Defendant asserted her right to consider the contract at an end; to sell the property and keep the initial payments on the purchase price. She said she

had adverse possession, but she produced no proofs of the fact. She was not in complete possession of such proofs until on the trial the case had been reopened to permit her to produce newly-discovered witnesses. Then after a very thorough search the long sought evidence was forthcoming. On these facts, the title tendered was, when tendered, for the purposes of marketability, a doubtful title and plaintiff was justified in asking for an adjournment and, when refused, in treating the contract as at an end (*People* v. *Open Board of S. B. B. Co.*, 92 N. Y. 98), and in maintaining an action to recover the amount paid with interest and expenses.

The judgment appealed from should be reversed and a new trial should be granted, with costs to abide the event.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO and McLAUGHLIN, JJ., concur; ANDREWS, J., absent.

Judgment reversed, etc.