COLLEGE POINT SAVINGS BANK, Plaintiff, *v.* JOSEPH R. BONFIGLIO et al., Defendants.

Supreme Court, Special Term, Nassau County, July 6, 1962.

*Alan G. Kraemer* for plaintiff.  *Arthur M. Greenspan* for Rosewood Realty Corp.

FRANK A. GULOTTA, J.  This is an application by the assignee of a purchaser at a foreclosure sale asking that it be relieved of the bid made at such sale upon the grounds:

1. That the Referee cannot deliver a good, marketable title.

2. That since the date of sale a material part of the premises has been destroyed by vandalism.

Alternatively it seeks an abatement in the purchase price to the extent of the destruction.  (Real Property Law, § 240-a.)

A title search reveals that in 1933 a deed from Development Home Sites, Inc., to Edmund McMahon contained the following

reservation: "SUBJECT, further to the right reserved by the party of the first part, its successors or assigns, to permit the installation of telephone and electric light wires across the rear of said premises within 5 feet of the lot lines either below ground or upon poles, or to change the grade of the property herein described to the general level of surrounding property and of having its agents, servants or employees cross and recross said property with devices, machinery, etc., for a reasonable time to complete the improvements upon this and surrounding property."

The foreclosure sale was not made subject to this reservation, the advertisement and terms of sale made no reference to it and neither the purchaser nor his assignee had any notice or knowledge thereof.

It is elementary that a purchaser of real property at a foreclosure sale has a right to a good, marketable title (*Dana* v. *Jones,* 91 App. Div. 496). When a covenant results in the right of someone, other than the owner, to use the land or in the restricted use of that land by the owner, it is an incumbrance within the legal meaning of the term. (*Bull* v. *Burton,* 227 N. Y. 101, 111.)

In *Ray* v. *Adams* (44 App. Div. 173) the purchaser at a foreclosure sale was released from his bid because the property was subject to certain covenants which were not referred to in the advertisement or terms of sale and of which he had no notice or knowledge.

The argument is advanced that since in the instant case telephone and electric wires were installed years ago on poles on the street side of these premises, there is no reasonable probability that the reserved rights will ever be exercised. However, a purchaser may not be compelled to accept title to real property upon the surmise that another may never avail himself of a reserved right. Suffice that it exists.

To quote from another case in which this same plaintiff was involved, although a good many years ago (*College Point Sav. Bank* v. *Vollmer,* 44 App. Div. 619, affd. 161 N. Y. 626 [1899]): " While it is probable that the title of the purchaser under the decree in this foreclosure suit may never be assailed, we cannot say that this is so certain or that the title offered to her is so free from doubt as to justify a court in compelling her to carry out her purchase."

While this question was not raised by the parties, it will be noted that the words " for a reasonable time " are contained in the reservation. Were this to be considered as a limitation, in my opinion, it would apply only to the latter part of the reserva-

tion relating to the right of employees to cross and recross the entire property with its machinery for grading purposes. Any easement granted to the telephone or electric companies to lay and maintain wires would, in good sense, have to be in perpetuity and we can therefore reasonably assume no limitation of this right was intended. Assuming, however, plaintiff were to argue the limitation applies to both, title is not free from doubt for it would depend upon a question of interpretation and what constitutes a reasonable time. A purchaser in foreclosure should not be left to the uncertainty of a doubtful title or the hazard of a lawsuit. (*Ridley* v. *Walter,* 153 App. Div. 65; *Barleycorn* v. *Woolley,* 109 Misc. 224.)

The movant is clearly entitled to the relief it seeks. In the light of this determination it is unnecessary to pass upon the other issues raised.

The motion to be relieved of the bid is granted, and the Referee is directed to return to the assignee, Rosewood Realty Corporation, the sum of $890 which was paid to him under the terms of sale, together with interest thereon to the date of payment, and the reasonable charges incurred in the examination of title.

Settle order on notice to all parties entitled thereto including the original purchaser at the foreclosure sale who subsequently assigned his bid to movant herein.