ALBANY HEIGHTS REALTY COMPANY, Appellant, *v.* ADOLPH VOGT, Respondent.

Second Department, April 5, 1918.

**Real property — suit for specific performance of contract to purchase — reservation by vendee of right to rescind contract — subsequent notice of willingness to accept title — when specific performance inequitable — when vendor will be awarded damages.**

Where the vendee in a contract to purchase certain lands reserved a complete power to cancel the contract on ten days' notice in view of the fact that he knew of certain zone restrictions imposed on the property by the authorities of the city of New York and which he hoped to have removed so that he could erect a riding academy upon the lands, notified the vendor that he would accept title on a certain date, he is not entitled to a reformation of the instrument so as to absolve him from the obligation to purchase in the event that he cannot use the premises for such purpose, although it was subsequently held on certiorari that the board of appeals had no authority to authorize a riding academy at said location. This because there was no accident or mistake in the wording of the agreement which would call on a court of equity to reform the same.

But the determination as to the powers of the board of appeals made specific performance by the vendee inequitable and, under the circumstances, the court should award damages to the vendor for its expenses in removing a tenant, loss of rental and subsequent carrying charges, especially where both parties asked for equitable relief and the plaintiff asked money damages in the alternative.

The cause is remitted to the Special Term to ascertain and adjudge such pecuniary damages.

APPEAL by the plaintiff, Albany Heights Realty Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 26th day of October, 1917, upon the decision of the court after a trial at the Kings County Special Term.

The judgment decreed the reformation of a contract between the parties and declared it void. It dismissed the complaint on the merits and directed a money judgment in defendant's favor.

The original agreement for a sale of land on Malbone street, Brooklyn, dated September 9, 1916, gave the vendee an option to terminate and cancel the contract upon ten days' notice, in which event the vendor was to repay the deposit, with no further liability for expenses, outlays or demands. Originally the date for closing title was December 9, 1916, which by successive stipulations was adjourned until January 29, 1917. On January 27, 1917, in the formal adjournment to February twenty-eighth, this clause was inserted: " The purchaser hereby gives notice to the Albany Heights Realty Company, as provided in the stipulation for adjournment dated December 19th, 1916, that he will accept the title on said date, to wit: February 28th, 1917."

Further adjournments followed, but were made subject to all rights of the parties.

On June eighteenth defendant vendee sent a formal notice of cancellation and demanded the return of his deposit. On June thirtieth the parties met, a deed was tendered and refused, and defendant's deposit again demanded.

The defendant originally knew of the zone restrictions, but thought that, through the board of appeals, he might obtain leave to erect a riding academy. In the latter part of January the board of appeals modified defendant's plans so as to grant such a permission.

Later it was held in certiorari proceedings that the board of appeals had no authority to authorize a riding academy at this location. (*People ex rel. Beinert* v. *Miller*, 100 Misc. Rep. 318.)

Plaintiff, as vendor, sued for specific performance, or, in the alternative, for damages.

Defendant by his fourth separate defense, and as a counter-claim, asked to have the contract reformed by inserting a clause to the effect that defendant should be relieved from any obligation to purchase the property in the event that he could not use the premises for a riding academy and boarding stables.

The court decreed this reformation. As defendant had served a notice of cancellation, the court held such notice effective, so that thereby the agreement became null and void. Judgment was given for defendant for the $250 deposit, with interest.

*William H. Good,* for the appellant.

*Charles W. Froessel,* for the respondent.

PUTNAM, J.:

Although the parties presumably had considered the question of building a riding academy and stables on the land that was the subject of this contract of sale, there was no evidence of such accident or mistake in the wording of the agreement as would call on a court of equity to reform this agreement by inserting the clause set up in the answer.

Defendant had reserved a complete power to cancel on ten days' notice, which, no doubt, was rightly deemed to cover any future eventuality that might make it desirable to withdraw from the contract.

By the notification of January 27, 1917, however, defendant formally advised plaintiff that he would take title on February 28, 1917, so that he definitely elected to accept the property. On the faith of this notice, plaintiff incurred expense of removing the tenant, with loss of rental, as well as subsequent carrying charges. The later review of the determination by the board of appeals by certiorari (*People ex rel. Beinert* v. *Miller,* 100 Misc. Rep. 318) made specific performance inequitable.

A court of equity, however, is not powerless when it declines to grant specific performance, and may decree damages as compensation (1 Pom. Eq. Juris. [3d ed.] § 237), especially where, as here, both sides sought equitable relief, and in this complaint the two alternatives of specific performance and money damages had been pleaded.

In view of all the circumstances, plaintiff should recover such damages as it sustained and was caused to incur after January 27, 1917, by reason of defendant's not taking title as he had agreed. The cause should. go back to the Special Term to ascertain and to adjudge such pecuniary damages.

The judgment is, therefore, reversed with the conclusions of law, as are also the findings numbered 5th and 9th; the finding numbered 19th modified, and findings numbered 22d and 23d stricken out and new findings substituted in accordance herewith. The cause is remitted to the Special Term with directions to proceed and to decree the damages sustained by the plaintiff after January 27, 1917, with costs to plaintiff to abide the final award of costs.

JENKS, P. J., MILLS, BLACKMAR and KELLY, JJ., concurred.

Judgment reversed, with costs to the plaintiff to abide the final award of costs, and case remitted to the Special Term with directions to ascertain plaintiff's damages, in accordance with opinion. Order to be settled on notice before Mr. Justice PUTNAM.