A. & O. CAFETERIA, INC., Respondent, *v.* SEVENTH MALTZ BUILDING, INC., Appellant.

First Department, June 2, 1933.

*Joseph Katz* of counsel [*Henry D. Levy*, attorney], for the appellant.

*Milton Vernoff* of counsel [*Schneider & Groggins*, attorneys], for the respondent.

TOWNLEY, J. This action is brought for specific performance to compel the defendant to complete the purchase of certain leaseholds, to accept the cancellation and surrender of the leases, to accept the bill of sale to various fixtures, chattels and other personal property, and to pay the sum of $30,000 therefor, or in the alternative give plaintiff judgment for $30,000.

Plaintiff's claim is based on a contract annexed to the complaint. The defendant agreed to purchase premises No. 398 Hudson street, Manhattan, subject to two leases, owned by the plaintiff, and agreed to pay $60,000 to effect the cancellation of the leases. At the time the contract was drawn, plaintiff executed a cancellation and surrender of the leases along with the bill of sale of all the fixtures, chattels and personal property contained in the premises and deposited these documents in escrow with the Title Guarantee and Trust Company.

The defendant was not entirely certain that it could complete the venture, and provided in the contract as follows: " It is understood and agreed by and between the parties hereto that the payment of said sum of $30,000 shall not be deemed a penalty, but shall be deemed to be liquidated damages, the party hereto having calculated that said sum is a reasonable allowance therefor. The parties hereto have entered into this arrangement after full and complete discussion of the same and after consultation with counsel for each of the said parties. It is further understood and agreed that the party of the first part shall have the right to retain and apply as part payment on account of said sum of $30,000, any sums paid by the party of the second part to the party of the first part.

" Upon default being made by the party of the second part in any of the payments due hereunder, or in any of the terms and con-

ditions hereof, then, and in that event, said Title Guarantee & Trust Company, escrowee, is authorized to return and deliver to the party of the first part the cancellation and surrender of the lease, and the bill of sale, both hereinabove mentioned, *without further liability on the part of either of the parties hereto.*" (Italics our own.)

In view of this provision, the defendant has moved to dismiss the complaint.

The respondent contests the motion on the ground that this particular clause in the agreement is void and is not enforcible by reason of the fact that it constitutes a penalty as against the plaintiff and cites *Bage* v. *Millard* (12 N. Y. Leg. Obs. 57). It was held in that case that in a contract for the sale of real property, a stipulation to the effect that if the purchaser should not perform he would forfeit $500 of the first payment was merely a penalty and not in the nature of defeasance; that there was mutuality in the contract notwithstanding the default, and that the vendor could still claim specific performance. The court said: " The seller never agreed that the purchase should be considered at an end."

The present action is in affirmance of a contract which specifically provides that not only shall the $30,000 paid be retained as liquidated damages and not as a penalty but it also provides that on the performance of certain acts by the escrow holder, there shall be no further liability on the part of either of the parties. In short, the contract provides that the purchase shall be considered at an end. The precedent cited by the respondent involved no such clause as is found in this contract. The claim for specific performance is wholly inconsistent with the provision of the contract above cited. We hold that the plaintiff has barred itself from any claim to specific performance. It was manifestly the purpose of this contract as shown by its recitals to forestall any claims for specific performance in the event that the defendant could not complete its plans for assembling a large block of property.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.