QUEENS PLAZA AMUSEMENTS, INC., Appellant, v. QUEENS BRIDGE REALTY CORPORATION, Respondent.—

Although the action may have been beyond the limits of equity jurisdiction, as that term is ordinarily used, there was, nevertheless, jurisdiction in the court of equity to hear and determine the action; and the court erred in not retaining the claim for money damages. Jurisdiction, in its strict meaning, " imports only the power residing in a court to hear and determine an action," and equity jurisdiction " imports not the power to hear and decide, but the cases or occasions when that power will be exercised." (*People ex rel. Gaynor* v. *McKane,* 78 Hun, 154, 163.)' In equity jurisdiction does not depend upon the actual granting of the equitable relief requested. This action is for the specific performance of a lawful contract. No reason appears in the record for nonperformance by either party. Equity has jurisdiction of such an action despite the fact that in the exercise of a sound discretion it may deny the equitable relief sought. " A complete cause of action is, therefore, alleged, and the only reason for not awarding general relief to the plaintiff is that its nature is so complicated as possibly to require a multiplicity of orders by the court in its efforts to superintend the details of an extensive and peculiar business. This fact does not deprive the court of jurisdiction, but justifies a refusal in its sound discretion to exercise it." (*Standard Fashion Co.* v. *Siegel-Cooper Co.,* 157 N. Y. 60, 67.) Whereas the possibility of extended supervision by the court in the enforcement of the judgment may move its discretion against granting the relief of specific performance, it does not limit the jurisdiction of the court. The question whether specific performance should or should not be granted here is not before us. Judgment dismissing the complaint reversed on the law and a new trial granted, with costs to appellant to abide the event. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.