THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARY WRIGHT, Appellant, against O. ARNOLD KILPATRICK, as Senior Director, Hudson River State Hospital, Respondent.— Appeal by relator from an order of the County Court, Dutchess County, which dismissed a writ of habeas corpus and remanded her to the custody of the respondent. Order affirmed, without costs. No opinion. Nolan, P. J., Adel, MacCrate, Beldock and Murphy, JJ., concur.

■

LOUIS RAIT, Appellant, v. NETLEE CONSTRUCTION CORP., Respondent.— In an action for specific performance of a contract for the conveyance of real property and the construction of a dwelling thereon, plaintiff appeals from an order dismissing his complaint, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, and from the judgment entered thereon. The contract contains a provision that if " for any reason whatsoever the seller shall default ", its liability shall be limited to the return of the payments made plus the cost of title examination and attorney's fees not to exceed $50, and that on the return of said sums, the contract shall cease and terminate without further liability. It was held, at Special Term, that this provision of the contract precluded an action for specific performance (*Heller & Henretig*, v. *3260-168th St.*, 302 N. Y. 326) and the complaint was dismissed. Order and judgment reversed, with $10 costs and disbursements, and motion denied, with $10 costs. We do not find it necessary to determine on this appeal whether the complaint states facts sufficient to entitle plaintiff to specific performance of the contract. The complaint states facts sufficient to constitute a cause of action. If it be assumed that the contract must be construed, as a matter of law, as giving the defendant the alternative of performing its contract, or making the payments provided therein, defendant may elect to make the payments, and the contract may not be otherwise enforced. It does not appear, however, that defendant has made any such election, and concededly defendant has received on account of the contract $6,600, which it still retains. Under such circumstances, if plaintiff may not have a judgment directing specific performance, because of the contract provision, or for any other reason (cf. *Queens Plaza Amusements* v. *Queens Bridge Realty Corp.*, 265 App. Div. 1057) the complaint states facts sufficient to support a judgment for equitable relief by way of a vendee's lien (*Elterman* v. *Hyman*, 192 N. Y. 113) or for damages, as in an action at law, measured by the amount of the payments made, and plaintiff's other expenses as specified in the contract (*Bulkley* v. *Rouken Glen, Inc.*, 222 App. Div. 570, affd. 248 N. Y. 647). The action should have been retained for trial for such relief as may be proper. (*Saperstein* v. *Mechanics & Farmers Sav. Bank*, 228 N. Y. 257, 262; see, also, Civ. Prac. Act, §§ 111, 479.) Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ., concur.