Mario Pittom, J.
Motion by the plaintiffs for summary judgment in an action for specific performance of a real estate contract.
*1033 The parties entered into a written contract on September 19, 1957 wherein the plaintiffs agreed to purchase a model house previously constructed by the defendant in a development at Plainview, Nassau County, New York. The . date set for the closing was “on or about February 1, 1958, or at another date and time designated by the seller upon five (5) days written notice mailed to the Purchaser at their address hereinabove set forth ”.
The plaintiffs contend that they were anxious to have the closing of title at as early a date as possible and had conversations with the president of the defendant corporation on the subject. The defendant by its president, categorically denies the statements made by the plaintiffs concerning the defendant’s intentions and agreement as to the closing of title. Copies of letters attached to the moving papers reveal the anxiety of the plaintiffs to obtain possession and the defendant’s desire to fix July 15, 1958 as the date of the closing.
The plaintiffs claim that time was made of the essence by their attorney’s letter dated January 20, 1958 for a closing on February 3, 1958, and that on the latter date the plaintiffs appeared ready, willing and able to close title.
In addition to denying the material allegations of the complaint, the defendant interposes three defenses. The first defense refers to a cancellation option afforded the plaintiffs should the defendant seller be unable to deliver title on February 1, 1958. This defense is based on a paragraph in a rider to the contract. The second defense is based on paragraph 18, and the third defense on paragraph 16 of the contract.
The court cannot determine on the papers submitted whether time was made of the essence. This is an action in equity. While in law the time specified in the contract must be complied with, an inquiry is made as to whether time is of the essence when the action is for equitable relief (Reizen v. Larkin Lbr. Co., 133 Misc. 755). Time can be made of the essence by simply giving notice to that effect where the contract does not expressly state time to be of the essence (Taylor v. Goelet, 208 N. Y. 253, 259). The credibility of witnesses cannot be determined on affidavits and the effectiveness of the letter from the plaintiffs’ attorney in making time of the essence must be determined not only from the letter but in the light of the cancellation clause referred to in the first defense. The sale here was of a dwelling which was complete except for a minor plumbing hookup on September 19, 1957. Yet a closing date of February 1, 1958 was tentatively set with an option to the purchasers to receive a refund if the seller was unable to close on that date. As the *1034 house was being used for exhibition purposes it may be that the option to cancel was placed in the contract because the seller might find it necessary to use the house for such purposes for an additional period. On the papers submitted the court cannot determine just what the parties intended by such option. A trial must be held to determine that question.
As to the second defense, the defendant may not construe paragraph “ 18 ” of the contract so as to permit it to make the minor plumbing hookup on any day it saw fit and then fix the date for closing one month thereafter. Such interpretation would make the contract indefinite as to the time of performance. There would be no contract as there would be no mutuality of obligation. As stated in Chiapparelli v. Baker, Kellogg & Co. (252 N. Y. 192, 200): “ Where a promisor retains an unlimited right to -decide later the nature and extent of his performance, the promise is too indefinite for legal enforcement. The unlimited choice in effect destroys the promise and makes it illusory.” The most that can be said of paragraph “ 18 ” is that it applies to a situation where a house has been built but there are some things that the lending institution may want completed. But the lending institution in this case is not delaying the closing. It is the mere refusal of the defendant to convey.
As to the third defense, based on paragraph “ 16 ” of the contract, which is supposedly supported by Heller & Henretig v. 3620-168th St. (302 N. Y. 326) and Rait v. Netlee Constr. Corp. (283 App. Div. 1099) it may be observed that the language of paragraph “ 16 ” differs from the language construed in those cases. The agreement in those cases permitted a willful default. Moreover, as in the Rait case (supra) the papers do not show that the defendant has tendered a refund of the down payment.
Accordingly, as issues exist under the general denial and the first defense the motion for summary judgment is denied.
However, the plaintiff may place this case on the Ready Calendar for early trial. Provision to effectuate this shall be made in the order to be entered hereon.
Settle order on notice.