Mario Pittoni, J.
The defendant moves for an order dismissing the complaint on the ground that it fails to state facts constituting a cause of action.
This action arises out of a contract for the purchase and sale of land. The plaintiff purchaser made a down payment of $4,970 at the signing of the contract. His complaint, however, merely demands specific performance.
The contract states that ‘1 the seller represents that the Town of Hempstead will not require more than 2 catch basins for drainage and in the event more are required the seller shall reduce the purchase price or cancel the contract.”
The complaint also states that at the time and place set forth for the closing the purchaser appeared and offered to accept a deed provided the seller made “ an abatement in the selling price .to cover the cost of the drainage in excess of the two catch basins that are required by the Town of Hempstead”.
*203 The defendant’s contention is that the relief sought is inconsistent with the terms of the contract; -that upon the town’s requiring more than two catch basins the defendant had the option of reducing the purchase price or canceling the contract; that the complaint alleges the happening of this contingency; that, therefore, ‘ ‘ the plaintiff is not entitled to specific performance of the contract since by its terms the defendant has the option of cancelling this contract and refusing to convey the within property.” The defendant contends therefore that the “ claim for specific performance is inconsistent with the cancellation provision of the contract.”
The motion must be denied. The contract provision involved in this dispute needs interpretation, and may require parol evidence. For one thing, it may be necessary to determine which party drafted this vague provision; to establish the standards and time as to the requirements of the basins; and to determine the value of the extra catch basins. Furthermore, on the face of the complaint, if the plaintiff is not entitled to specific performance, he is entitled to the return of his down payment (Rait v. Netlee Constr. Corp., 283 App. Div. 1099 [2d Dept.]). The court there said: 1 ‘ The complaint states facts sufficient to constitute a cause of action. If it be assumed that the contract must be construed, as a matter of law, as giving the defendant the alternative of performing its contract, or making the payments provided therein, defendant may elect to make the payments, and the contract may not be otherwise enforced. It does not appear, however, that defendant has made any such election, and coneededly defendant has received on account of the contract $6,600, which it still retains. Under such circumstances, if plaintiff may not have a judgment directing specific performance, because of the contract provision, or for any other reason (cf. Queens Plaza Amusements v. Queens Bridge Realty Corp., 265 App. Div. 1057) the complaint states facts sufficient to support a judgment for equitable relief by way of a vendee’s lien (Elterman v. Hyman, 192 N. Y. 113) or for damages, as in an action at law, measured by the amount of the payments made, and plaintiff’s other expenses as specified in the contract (Bulkley v. Rouken Glen, Inc., 222 App. Div. 570, affd. 248 N. Y. 647). The action should have been retained for trial for such relief as may be proper. (Saperstein v. Mechanics & Farmers Sav. Bank, 228 N. Y. 257, 262; see, also, Civ. Prac. Act, §§ 111, 479).”
Therefore, the complaint is legally sufficient to withstand this motion to dismiss. The motion, is denied.
*204 The plaintiff’s motion for summary judgment is also denied. He has not shown that the town required more than two catch basins. Thus, the issue of catch basins is still open to proof at the trial (Silliman v. Twentieth Century-Fox, 3 N Y 2d 395, 404; Falk v. Goodman, 7 N Y 2d 87).