Bernard S. Meyer, J.
The contract which is the basis of this action was entered into by plaintiff and defendants Vasa on July 1, 1958 and covered a parcel in East Rockaway 75 feet in width, fronting on Bulaire Road, and of a depth of 75.5 feet. On the date of the contract, the Vasas held in single ownership both the subject parcel and a parcel 75 feet in width, fronting on Cathay Road and the rear line of which is contiguous with the rear line of the subject parcel.
The action was begun in October, 1958 as an action to foreclose a vendee’s lien. Thereafter, in August, 1959, a supplemental complaint was served pursuant to leave. The supplemental complaint added a second cause of action, for specific performance, and joined defendants Goldman who, with knowledge of the existence of plaintiff’s action.to foreclose a lien, had on January 21, 1959, contracted to purchase the subject parcel. Defendants Goldman answered and cross-claimed for specific performance of their contract. The cross claim is not opposed by the Vasas.
*610 The subject parcel is vacant land. The Cathay Road parcel is improved by a residence, the rear of which is slightly less than 13 feet from the rear line of the two parcels. The Zoning Ordinance of the Village of East Rockaway (art. 4, § 4) requires a 25-foot rear yard. Aware that a zoning problem would arise upon the division of the land into two parcels, plaintiff sought a provision in its contract warranting with respect to the subject parcel that a building permit would be granted. A clause in that form was refused, but the contract as signed incorporated the following provision:
“ Said premises are sold and are to be conveyed subject to: 1. Zoning regulations and ordinances of the city, town or village in which the premises lie which are not violated by existing structures, except as hereinafter provided. * * * The Sellers warrant and represent that pursuant to the zoning regulations and ordinances of the Village of East Rockaway, 1ST. Y., this property is subject to minimum of Five Thousand Square Feet over all plot requirements, and front yard requirement of not more than 25 feet and rear yard requirement of twenty-five feet, and that this is a proper building plot on which a one family residence can be erected and maintained. The Sellers hereby agree that Purchaser may apply to the municipal authorities for a building permit and agree to execute such further instruments as may be required to effectuate such application. ’ ’
Acting pursuant to the authorization contained in that paragraph, plaintiff made application on August 15, 1958 for a building permit for the subject parcel. On August 21, 1958, the application was denied, the reason given being stated as 1 ‘ Article 8, section 12 of the Zoning Ordinance.” It has been stipulated that thereafter a letter dated August 29, 1958 was received by plaintiff’s attorney from the village, signed by the Village Attorney, confirming the refusal to issue a building permit. On October 1, 1958, the date set for the closing, plaintiff, by one of its officers, appeared at the closing and, referring to the denial of a building permit for the subject parcel because it was not a proper building plot under the zoning regulations demanded “ proof positive that this is a proper building plot as set forth in the contract.”
Defendants Vasa tendered a deed proper in form, but refused to recognize the violation, taking the position that the village authorities were in error in applying section 12 of article 8 of the ordinance and that the error could be corrected by plaintiff’s bringing an article 78 proceeding. Plaintiff’s officer requested an adjournment in order to obtain proof concerning its application to the village; this was refused unless he signed a docu *611 ment stating that the adjournment was at plaintiff’s request. Plaintiff’s qfficer then refused the proffered deed and the closing meeting broke up without adjournment. On October 16, 1958, plaintiff received a further letter from the village, signed by the Building Inspector, reiterating the refusal to grant a permit. Shortly thereafter the action to impress a vendee’s lien was begun.
While zoning ordinances do not normally constitute an objection to title, the specific provision incorporated in the instant contract creates an exception to that rule. The provision warrants and represents “ that this is a proper building plot on \which a one family residence can be erected and maintained,” (emphasis supplied) and thus makes inability to erect and maintain a one-family residence on the parcel an objection to title. By basing their refusal to issue a building permit for the parcel on section 12 of article 8 of the ordinance, the Village Attorney and the Building Inspector established that a one-family residence could not be erected on the subject parcel because of the violation that division would create on the adjoining parcel. A zoning ordinance may validly so provide (Matter of Chasanoff v. Silberstein, 6 A D 2d 872, affd. without opinion 6 N Y 2d 807). Neither the possibility that the village officials were in error in their interpretation of the ordinance nor the possibility that the violation had been cured by the Vasas’ conveyance on September 29, 1958 of the Cathay Road parcel to third persons, alters the fact that the title tendered to plaintiff on October 1, 1958 was, in terms of the contract provision, doubtful. “ On these facts, the title tendered was, when tendered, for the purposes of marketability, a doubtful title and plaintiff was justified in asking for an adjournment and, when refused, in treating the contract as at an end (People v. Open Bd. of Stock Brokers Bldg. Co., 92 N. Y. 98), and in maintaining an action to recover the amount paid with interest and expenses.” (Crocker Point Assn. v. Gouraud, 224 N. Y. 343, 351; see, also, Acme Realty Co. v. Schinasi, 215 N. Y. 495, 506; Dukas v. Tolmach, 2 A D 2d 57, 58.)
The cause of action for specific performance must, however, be dismissed. The contract contained the following escape clause: “In the event that the seller is unable to convey title in accordance with the terms of this contract, the sole liability of the seller will be to refund to the purchaser the amount paid on account of the purchase price and to pay the net cost of examining the title, which cost is not to exceed the charges fixed by the New York Board of Title Underwriters, and the net cost of any survey made in connection therewith incurred by the purchaser, and upon such refund and payment being made this *612 contract shall be considered canceled. ’ ’ The rights of the parties under that provision were fixed on the closing date, October 1, 1958 no adjournment having been agreed to at that time. As has been demonstrated above, on that day seller was unable to convey title in accordance with the terms of the contract. The same disability that permitted plaintiff to reject title, limited the Vasas’ liability to the refund and payments provided for, and precluded plaintiff’s recovering damages other than such refund and payments or obtaining specific performance. (See Rait v. Netlee Constr. Corp., 283 App. Div. 1099; A. & O. Cafeteria v. Seventh Maltz Bldg., 238 App. Div. 520; Valley Assn. Corp. v. Rogers, 4 Misc 2d 382; Deborah Homes v. Firestone, 135 N. Y. S. 2d 289; Dukas v. Tolmach, 142 N. Y. S. 2d 176.) It follows that the plaintiff’s second cause of action must be dismissed and that defendants Goldman are entitled to specific performance of their contract of January 21, 1959, subject, however, to plaintiff’s lien.
Plaintiff proved its deposit of $535 and introduced a bill of $111 from the title company, but failed to show what portion of the bill represents “ net cost of examining the title” or what was “ the charge fixed by the New York Board of Title Underwriters.” Judgment will, therefore, be entered (1) on the first cause of action for plaintiff, with costs, fixing the lien at $535 with interest from October 1, 1958 and providing for foreclosure of the lien if not paid within 30 days after entry of judgment, (2) dismissing the second cause of action, and (3) awarding defendants Goldman judgment, without costs, on their counterclaim for specific performance, subject to the foregoing lien. The claim of defendants Goldman for counsel fee is dismissed and the testimony of the witness Katzman concerning such attorney’s fees is stricken. No basis in law or in fact for the award of such fees has been shown.