NEW YORK CITY TRANSIT AUTHORITY, Appellant, v. V. VACCARO & SONS, INC., et al., Respondents.— In an action based on fraud, in which the complaint alleges three separate causes of action, the plaintiff appeals from an order of the Supreme Court, Kings County, dated July 20, 1961, granting defendants' motion, made pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, to dismiss the second and third causes of action on the ground that they fail to set forth facts sufficient to constitute a cause of action. Order reversed, with $10 costs and disbursements, and defendants' motion denied. The first cause of action, which was not questioned, is pleaded against the corporate defendant and its president, defendant Anthony Vaccaro. In this cause of action plaintiff seeks damages for fraud, alleging that it sold certain quantities of scrap metals by net weight to the corporate defendant pursuant to contracts awarded to it after public bidding; that the corporate defendant and its president, in addition to removing the quantities thus sold, also removed unlawfully from plaintiff's premises some 600,000 pounds of its scrap metals; and that said defendants effectuated such unlawful removal by recording false and fraudulent weight data on delivery memorandum slips. The second cause of action, which is challenged, is also pleaded against the corporate defendant and its president. In this cause of action plaintiff repeats the allegations of the first cause and further alleges that such defendants unlawfully and larcenously took and carried away plaintiff's property by procuring the certification of false weights and by the destruction or withholding of delivery memorandum slips; that said defendants thereafter sold such property for large profits to various unknown persons; and that plaintiff is entitled to an accounting from said defendants for the value of the property thus unlawfully taken and sold and for the profits realized therefrom. In our opinion, the second cause of action as pleaded is sufficient. It charges the commission of specific wrongful acts for which the law provides redress. Any cause of action, regardless of how it may be classified and regardless of the prayer for relief, is deemed sufficient as a matter of pleading if it may be construed as charging a legal wrong for which recovery may be had in any form and to any extent (cf. *Abrams* v. *Allen,* 297 N. Y. 52; *Pattison* v. *Pattison,* 301 N. Y. 65, 69; *Saperstein* v. *Mechanics & Farmers Sav. Bank,* 228 N. Y. 257, 262; *Rait* v. *Netle Constr. Corp.,* 283 App. Div. 1099; *Price* v. *Kline,* 278 App. Div. 657). The third cause of action, which is also challenged, is pleaded against the corporate defendant's said president, Anthony Vaccaro, and his wife, Mildred Vaccaro. In this cause of action plaintiff realleges the allegations of the first and second causes, and further alleges that by reason of the said fraud the plaintiff is a creditor of the corporate defendant and of the individual defendant Anthony Vaccaro; that the latter conveyed his right, title and interest in certain real property to his wife, defendant Mildred Vaccaro; that such conveyance was made without consideration and with the intent to hinder and delay the creditors of her husband (defendant Anthony Vaccaro) and particularly this plaintiff; and that the conveyance rendered the husband insolvent. We believe the third cause of action states facts sufficient to constitute a cause of action (cf. *American Sur. Co.* v. *Conner,* 251 N. Y. 1; Debtor and Creditor Law, §§ 270, 273, 276). Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.