S. Samuel Di Falco, S.
In this proceeding for the settlement of the account of the Public Administrator as the administrator *440 of the estate of the decedent, an issue has been presented for determination in connection with objections arising out of the rejection of a claim asserted by Alice Strong, a sister of the petitioner’s intestate. The claimant as objectant is seeking the recovery of the balance due on 19 of a series of 24 installment notes which were executed by the decedent on November 1, 1946. Each of the notes bears a notation to the effect that the entire series shall become due upon default in the payment of any single installment11 as provided in reassignment-agreement made this day between Alice Strong and Sylvia Bosenberg. ’ ’
The reassignment agreement to which the notes make reference contains a provision stating: “ Upon such a default or defaults the said Sylvia Bosenberg agrees that this reassignment shall become absolute and title shall reinvest immediately in Alice Strong, her heirs, administrators and assigns, and any and all money heretofore paid by Sylvia Bosenberg shall be retained by Alice Strong in full reparation of damages and shall be deemed to be liquidated damages.” The claim of the objectant is based upon the assignment by the claimant to the decedent of an undivided interest in a mortgage on real property. On October 31,1946 the claimant, then the owner of the interest, assigned it to the decedent in consideration of the payment of the sum of $10,000 of which amount $3,000 was paid in cash with the balance represented by a series of 24 notes each except the last in the sum of $300. As collateral security for the payment of her obligation, the decedent executed the agreement to which reference has earlier been made. Five of the notes were redeemed by the petitioner’s intestate but before her death she had fallen behind in the payment of the remainder though no action was instituted against her by the present objectant during her lifetime. Thereafter suit was brought in the City Court against the Public Administrator as administrator of the decedent’s estate and the parties have stipulated that the issues framed by the pleadings in that action, which are identical with the issues framed by the petition, the account and the respondent’s objections, are to be disposed of in this proceeding.
It is fundamental that the court in its determination of the question at issue must look both to the notes on which the claim is based and the provisions of the underlying agreement to which they refer (Benedict v. Cowden, 49 N. Y. 396; Manufacturers Trust Co. v. Steinhardt, 265 N. Y. 145; Mooney v. Byrne, 163 N. Y. 86). Since the objectant bases her claim on the notes of which the agreement in effect constituted a part, it was not necessary as the objectant contends, that the administrator plead the agreement affirmatively in bar (cases cited, supra). The *441 agreement in terms states the conditions of the obligation assumed by the decedent and limits her liability for breach to the liquidated damages specified. It has long been established that “ When the parties by their contract provide for the consequences of a breach of contract, lay down a rule to admeasure the damages, and agree when they are to be paid, the remedy thus provided must be exclusively followed.” (14 N. Y. Jur., Damages, § 155, citing McCready v. Lindenborn, 172 N. Y. 400; Read v. Fox, 119 App. Div. 366.) Nothing in this transaction would give rise to the supposition that the provision for the payment of liquidated damages was void as a penalty which would vitiate the agreement (Hasbrouck v. Van Winkle, 261 App. Div. 679). As a consequence, the assignment of the interest to the claimant became absolute and she is limited to the recovery of the amount she has already received. Her objections to the rejection of her claim are accordingly dismissed.
Cases illustrative of the position adopted by the court are numerous. In Deborah Homes v. Firestone (135 N. Y. S. 2d 289), the defendant moved to dismiss the complaint upon the ground that no cause of action was stated. Plaintiff as seller had entered into an agreement with the defendant for the sale of a parcel of real property the defendant paying $1,000 at the time of the execution of the contract. The agreement contained a provision to the effect that upon the failure of the purchaser to take title, the contract was to be deemed at an end and the deposit was to “ belong to the seller as liquidated damages.” Upon the failure of the defendant to take title and its expressed decision to rescind, the plaintiff brought the action to compel specific performance of the seller’s obligation. The defendant pleaded in bar the provision for payment of the stipulated amount, the plaintiff, asserting, however, that that stipulation did not of itself prevent the seller from resorting to the remedy of specific performance. In rejecting this contention and dismissing the complaint, the court (Christ, J.) held at page 291 as follows: “ It is the court’s conclusion that the quoted clause is unambiguous and that it clearly expresses an intention that upon the purchasers’ failure to take title, the contract is to be deemed cancelled and the money theretofore paid in to belong to the seller as liquidated damages. The precise event intended to be covered by the quoted clause has happened and, as the contract provides, the agreement of the parties has been terminated. The remedy of specific performance necessarily is based upon the theory that there is a contract extant which a court decree may direct to be performed. When, as in this case, the parties have stated in clear language that upon the happening of a certain event their contract is to be deemed *442 cancelled and thereafter the event which they had in mind occurs, any claim for specific performance is inconsistent with the cancellation provisions of the contract. A. & O. Cafeteria, Inc. v. Seventh Maltz Bldg., Inc., 238 App. Div. 520, 264 N. Y. S. 678.” To like effect see Artstrong Homes v. Vasa (23 Misc 2d 608); Polo Field Park v. Chartook (3 Misc 2d 427); and Rait v. Netlee Constr. Corp. (283 App. Div. 1099).