Leon D. Lazer, J.
In this action to rescind a contract for the purchase of a parcel of land, the return of the down payment made under it and for damages, defendant moves to dismiss the complaint, asserting plaintiff’s failure to state a cause of *359 action, and the defense of documentary evidence (CPLR, 3211, subd. [a], pars. 1, 7).
The dispute centers on a clause in the contract which provides that:
“ 6. Said premises are sold and are to be conveyed subject to:
“ a. Zoning regulations and ordinances of the city, town or village in which the premises lie and all amendments thereto provided they do not prevent the construction of a one family home.”
After execution of the contract, plaintiff sought the issuance of a building permit for the construction of a one-family home on the property. The permit was denied by the building authorities of the Town of Huntington because of the refusal of the Suffolk County Health Department to approve the plan for a sanitary system submitted by the plaintiff. The Health Department’s refusal apparently was motivated by a desire to prevent building construction in the area of the property until installation of a sewer system required due to serious drainage problems.
Neither party has submitted a copy of the Huntington zoning ordinance, nor is it stated in which zoning district the property1 lies. Nevertheless, it is clear that it was not the “ zoning regulations and ordinances ’ ’ of the town which prevented the plaintiff from obtaining a building permit. A zoning ordinance is a legislative division of a community into areas or districts, in each of which only certain designated uses of land and buildings are permitted. (Cleaver v. Board of Adjustment, 414 Pa. 367; see, also, Barkmann v. Town of Hempstead, 268 App. Div. 785.) The Suffolk County Health Department’s refusal to approve individual sanitary systems in an area where it believes a sewer system should be installed does not constitute the prevention of the construction of a one-family home due to a zoning ordinance or zoning regulation of the Town of Huntington. The failure to obtain a building permit was not occasioned by a zoning restriction and therefore it does not fall within the ambit of the contractual provision on which plaintiff relies (see Artstrong Homes v. Vasa, 23 Misc 2d 608; Balodis v. Fallwood Park Homes, 54 Misc 2d 936).
The language of the contract is clear and unambiguous and the court will not make a new contract for the parties under the guise of interpreting the writing (Friedman v. Handelman, 300 N. Y. 188). Nor is there any evidence of such a mistake in the contract as would require a court of equity to reform it *360 by inserting a provision that the plaintiff be relieved of it in the event that a building permit is refused for reasons other than a zoning restriction (Albany Hgts. Realty Co. v. Vogt, 182 App. Div. 736).
The motion is therefore granted.